# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

RICKEY BENSON,          )
                          )

    Plaintiff,         )
                          )

vs.                       )        Civ. No. 2:25-cv-02059-SHM-tmp
                          )

DIRECTOR ANTHONY C. ALEXANDER,     )
ET AL.                )
                          )

    Defendants.       )

## ORDER DISMISSING COMPLAINT (ECF NO. 1) PURSUANT TO 28 U.S.C. § 1915(g); DENYING PENDING MOTIONS (ECF Nos. 4, 5, 6, 7, 8 & 9) AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*

On January 17, 2025, Rickey Benson, who is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA"), filed a *pro se* civil complaint under 42 U.S.C. §1983 (ECF No. 1). When Benson filed the complaint, he was incarcerated at the Shelby County Division of Corrections (the "SCDC"), in Memphis, Tennessee. (ECF No. 1 at PageID 2; ECF No. 1-1 at PageID 4.) On January 22, 2025, the Court warned Benson that he could not proceed *in forma pauperis* unless he first demonstrated that he was in imminent danger of serious physical injury. (ECF No. 3 at PageID 8.) On February 12, 2025, Benson filed a motion for leave to proceed *in forma pauperis* (ECF No. 4), a motion for discovery to support statement of claim and to enjoin first crossclaim (ECF No. 5), and a motion for extension of time to submit print-out of trust fund account statement with motion for Court to execute order on motion (ECF No. 6). On February 20, 2025, Benson filed a second motion for discovery to support statement of claim and to enjoin first crossclaim (ECF No. 7). On March 14, 2025, Benson

filed a motion to "add on" trust fund account statement.  (ECF No. 8.)  On April 21, 2025, Benson

filed a motion for speedy jury trial (ECF No. 9).

Before the Court is the complaint (ECF No. 1) and the motion for leave to procced *in forma*

*pauperis*, two motions for discovery to support statement of claim and motion to enjoin first

crossclaim, motion for extension of time to submit print-out of trust fund account statement with

motion for Court to execute order, motion to "add on" trust fund account statement, and the motion

for speedy jury trial (the "Pending Motions", ECF Nos. 4, 5, 6, 7, 8 & 9).  For the reasons explained

below, the complaint (ECF No. 1) is **DISMISSED**, the Pending Motions are **DENIED AS**

**MOOT**,  and leave to proceed *in forma pauperis* is **DENIED**.

## I.    LEGAL STANDARD

Under the PLRA, a prisoner bringing a civil action must pay the full civil filing fee.  The

PLRA merely provides the prisoner the opportunity to make a "down payment" of a partial filing

fee and pay the remainder in installments.  28 U.S.C. § 1915(b)(2); *see also McGore v.*

*Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only

issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period

of time under an installment plan.  Prisoners are no longer entitled to a waiver of fees and costs"),

partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Not all indigent prisoners are entitled to take advantage of the installment payment

provisions of § 1915(b).  Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under this section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

"Such a litigant cannot use the period payment benefits of § 1915(b).  Instead, he must make full payment of the filing fee before his action may proceed."  *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).  The Sixth Circuit has upheld the constitutionality of this provision.  *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998).  To satisfy the imminent danger exception, a prisoner must allege that a threat or prison condition is "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed."  *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted).

## II.    ANALYSIS

Benson has filed at least three previous civil actions in federal court that were dismissed for failure to state a claim or as frivolous.[1]  Benson may not file any further action in which he proceeds *in forma pauperis* unless he first demonstrates that he is in imminent danger of serious physical injury.  *See, e.g., Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (requiring allegations that "describe with sufficient detail why the prisoner is in imminent danger").

The assessment of whether a prisoner is in imminent danger is made at the time the complaint is filed.  *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner*, 290 F. App'x at 797-98.

---

[1] See *Benson v. Luttrell, et al.*, No. 08-2825-JPM-dkv (W.D. Tenn. Jan. 9, 2009) (dismissed for failure to state a claim), *aff'd*, No. 09-5145 (6th Cir. Nov. 4, 2009); *Benson v. Luttrell, et al.*, No. 07-2790-SHM (W.D. Tenn. Sept. 11, 2008) (dismissed for failure to state a claim), appeal dismissed, No. 08-6277 (6th Cir. July 20, 2009), *cert. denied*, 130 S. Ct. 411 (2009); and *Benson v. Luttrell, et al.*, No. 04-2507-JPM-tmp (W.D. Tenn. Oct. 26, 2004) (dismissed for failure to state a claim); *see also Benson v. Fields*, No. 22-2413-SHM-tmp (W.D. Tenn. Feb. 17, 2023) (after Benson's appeal to the United States Court of Appeals for the Sixth Circuit was dismissed for failure to pay the filing fee, the District Court dismissed Benson's § 1983 case with prejudice for failure to pay the District Court's filing fee); *Benson v. Fields*, No. 22-2449-SHM-tmp (W.D. Tenn. Mar. 1, 2023) (dismissing case with prejudice pursuant to 28 U.S.C. § 1915(g), notifying Benson of the Court's strike recommendation, and entering judgment).

In the complaint, Benson alleges that on December 19, 2024, an unknown inmate was paid by "defendants" to sexually assault him in retaliation for Benson's filing an appeal from the "order dismissing my complaint of case: 24-02959[.]" (ECF No. 1 at PageID 1-2). Benson alleges he called the PREA hotline, reported the incident, and filed an inmate grievance form. (*Id.* at PageID 1.) On December 20, 2024, Benson alleges he was moved to another building without his "underclothes" and towels. (*Id.* at PageID 1-2.) Benson alleges "defendants" refuse to return his belongings because they want Benson to "become sick" in retaliation for Benson's filing a grievance and calling PREA. (*Id.* at PageID 2.) Benson alleges that he filed an inmate grievance on December 22, 2024, because his towels and "underclothes" were not returned after he sent them to be laundered. (*Id.* at PageID 1-2.) Benson seeks damages in the amount of three thousand dollars ($3,000.00); an order directing the Clerk to mail an application to proceed *in forma pauperis*; and an order directing Defendants to submit his trust fund account statement. (*Id.* at PageID 3.)

In Benson's motion for discovery to support statement of claim and motion to enjoin crossclaim, Benson alleges that the unknown inmate who assaulted him on December 19, 2024, is the same inmate who threatened to kill Benson on November 28, 2024. (ECF No. 5 at PageID 11.) Benson alleges he was moved on November 28, 2024, and December 11, 2024, after requesting protective custody. (*Id.*) It is unclear from Benson's allegations, whether Benson is currently housed in the same building as his alleged attacker. (*See* ECF Nos. 1 § 5.) Benson alleges that he is being "inflicted with cruel and unusual punishment . . . due to air conditioner instead of heat to cause the flu[.]" (ECF No. 5 at PageID 11.) Benson seeks an order compelling Defendants to turn on the heat in "E-Bldg." and damages of one thousand dollars ($1,000.00). (*Id.*)

Benson's allegations in the complaint and Pending Motions do not rise to the level of imminent danger of serious physical injury within the meaning of § 1915(g). Benson alleges no facts from which to plausibly infer that he was in imminent danger of serious physical injury at the time he filed the complaint. (ECF Nos. 1 & 5 at PageID 1-2, 11.) Benson's allegations (*see* ECF Nos. 1 & 5 at PageID 1-2, 11) are insufficient for the purpose of § 1915(g). *See Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797-798).

The Court finds that Benson does not allege facts demonstrating that, when he filed the complaint (ECF No. 1) on January 17, 2025, he was in imminent danger of serious physical injury.

III.    **CONCLUSION**

For the reasons explained above:

A. Benson's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE, pursuant to 28 U.S.C. 1915(g);

B. Benson's Pending Motions (ECF Nos. 4, 5, 6, 7, 8 & 9) are DENIED AS MOOT;

C. Leave to proceed *in forma pauperis* is DENIED;

D. The Court will re-open this case on a motion that (1) shall be filed by Benson WITHIN TWENTY-EIGHT (28) DAYS and (2) is accompanied by the FOUR HUNDRED AND FIVE DOLLAR ($405.00) CIVIL FILING FEE. If Benson fails to timely comply, this case will be dismissed with prejudice and judgment entered without further notice; and

E. Benson is ORDERED to notify the Court immediately, in writing, of his current address if he is transferred or released. If Benson fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED**, this  _22nd_  day of April, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE